**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Ruth Beardsley

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH BEARDSLEY,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICE OF RORY W. CLARK, A PROFESSIONAL LAW CORPORATION,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. RUTH BEARDSLEY ("Plaintiff"), by Plaintiff's attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions of LAW OFFICE OF RORY W. CLARK, A PROFESSIONAL LAW CORPORATION ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1682k.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Orange, County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district, including the filing of a collection against Plaintiff entitled *Bank of America, N.A. v. Ruth E. Beardsley, et al.*, court case no.: 30-2015-00776108 in the Orange County Superior Court (the "Collection Action").

///

## PARTIES

12. Plaintiff is a natural person who resides in the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the City of Westlake Village, State of California, who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant conducted business in the State of California.

17. Sometime prior to 2015, Plaintiff is alleged to have incurred financial obligations to the original creditor, Bank of America, N.A. ("BofA"), that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff's alleged debt was allegedly incurred for personal, family and household purposes.

///

///

19. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of said debt.

20. Subsequently, BofA requested that Defendant file a collection action against Plaintiff in order to recover Plaintiff's alleged debt.

21. On March 10, 2015, Defendant initiated the Collection Action against Plaintiff on behalf of BofA in an attempt to collect Plaintiff's alleged debt.

22. On April 22, 2015, Plaintiff, through Plaintiff's attorneys, timely filed an Answer to Defendant's Complaint in the State Action and served a copy upon Defendant via U.S. Mail.

23. Plaintiff's answer informed Defendant that Plaintiff was a represented party with regard to Plaintiff's alleged debt and provided Defendant with knowledge of Plaintiff's attorney's name and address.

24. Subsequently, on or about August 12, 2015, Defendant sent Plaintiff a letter directly containing a Request for Entry of Default Judgment in the State Action.

25. Defendant's written communication to Plaintiff was a "communication" as 15 U.S.C. § 1692a(2) defines that term.

26. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff despite knowledge that Plaintiff was a represented party with regard to Plaintiff's alleged debt.

27. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with Plaintiff's alleged debt.

28. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debts.

29. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated

15 U.S.C. § 1692e(5).

30. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debts.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debts.

32. As described herein, Defendant engaged in collection activity that violated various sections of the FDCPA; and, RFDCPA. Specifically, Defendant violated 15 U.S.C. §§ 1692c(a)(2); 1692d; 1692e; 1692e(5); 1692e(10); and, 1692f. In addition, Defendant also violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Any and all other relief that this Court deems just and proper.

Dated: August 23, 2015                                  Respectfully submitted,

                                                                  **KAZEROUNI LAW GROUP, APC**

                                                     By: ___/s/ Matthew M. Loker___
                                                               MATTHEW M. LOKER, ESQ.
                                                               ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 23, 2015                                  Respectfully submitted,

                                                                   **KAZEROUNI LAW GROUP, APC**

                                                     By: ___/s/ Matthew M. Loker___
                                                               MATTHEW M. LOKER, ESQ.
                                                               ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626